UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN JACKSON,

        Plaintiff,

  v.

ALVARO TRAQUINA, M.D., Chief Medical Officer/Health Care Manager of California state Prison-Solano of the California Department of Corrections and Rehabilitation, in his individual and official capacities; JASON A. ROHRER, M.D., an individual; XXX HSIEH, M.D., and DOES 1-10,

        Defendants.

No. 2:08-cv-01954-MCE-JFM

**MEMORANDUM AND ORDER**

----oo0oo----

Through the present action, Plaintiff Kevin Jackson ("Plaintiff") seeks redress for alleged violations, while incarcerated within the State of California's prison system, of his Eighth Amendment rights under the United States Constitution. Defendants include the Medical Director and two physicians working at the California State Prison-Solano, where Plaintiff was incarcerated.

1

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's complaint on grounds that he failed to exhaust his administrative remedies before bringing suit, as required by the Prison Reform Litigation Act ("PLRA"). For the reasons set forth below, Defendants' Motion will be denied.[1]

**BACKGROUND**

Plaintiff's initial complaint, filed July 8, 2008, sought injunctive relief on a class-wide basis for California inmates infected with hepatitis C who were denied liver biopsies and combination drug therapy for Stage II liver disease. Plaintiff, who was diagnosed with a chronic hepatitis C infection in 2000, alleged that treatment delays violated class members' rights to adequate medical care under the Eighth Amendment to the United States Constitution. The only named Defendant initially named within the specifically denominated "class action case" was Robin Dezember, in her capacity as Director of Correctional Health Care Services for the California Department of Corrections and Rehabilitation.

Plaintiff ultimately abandoned his class action complaint after the Court issued an Order to Show Cause as to why the action should not be transferred to the Northern District of California for joinder with the ongoing class action litigation in <u>Plata v. Schwarzenegger</u>, No. 3-01-1351, which already challenged California's prison health care system.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

Because Plaintiff's response specifically requested leave to file an amended complaint on his own behalf, however, the Court granted Plaintiff leave to amend for that purpose by its Minute Order filed September 30, 2008.

Plaintiff's Amended Complaint, filed on October 10, 2008 in accordance with the September 30 Order, sought damages only on his own behalf and was instituted, not against Ms. Dezember on a statewide basis, but rather only against doctors responsible for patient care at California State Prison-Solano, where Plaintiff was housed. Rather than seeking injunctive relief, Plaintiff seeks damages on his own behalf for alleged exacerbation of liver damage occasioned by Defendants' delays in providing treatment.

Defendants claim that Plaintiff failed to exhaust his administrative remedies because his internal grievance complaining of inadequate treatment was not concluded until August 13, 2008, at the earliest, when his appeal was partially granted, with hepatitis C treatment scheduled to begin after contemplated knee surgery. Because that date was after Plaintiff instituted his class action proceedings on July 8, 2008, Defendants allege that his administrative remedies were not exhausted prior to the institution of suit. The present Motion to Dismiss for failure to exhaust is predicated on that alleged shortcoming. Plaintiff, on the other hand, contends that because he was allowed to file what amounted to a new complaint on his own behalf against new defendants, the date that amended pleading was filed (October 10, 2008) should control.

///

///

3

According to Plaintiff, because his individual complaint was filed after the administrative grievance had concluded, no exhaustion issue is present.

**STANDARD**

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion."[2] Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "[D]efendants have the burden of raising and proving the absence of exhaustion." Id. at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. If the district court concludes that the prisoner has failed to exhaust his non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

**ANALYSIS**

The PRLA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address the plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.

Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issue or claims. Cal. Code Regs. tit. 15 § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

In the present matter, Plaintiff's administrative appeal was partially granted. Plaintiff correctly points out that having prevailed on the grievance at his first level appeal, there was no reason why he had to appeal to the next level for exhaustion purposes. The California regulations governing appeal and disposition of prisoner appeals make this clear. See Cal. Code Regs., tit. 15, § 3084.5(c) ("Second formal level. Second level is for review of appeals denied at first level."). Consequently this Court finds that exhaustion did occur.[3]

///

---

[3] While Defendants also appear, at least in part, to predicate their exhaustion argument on a contention that Plaintiff should have filed his initial administrative appeal earlier, at the point when he allegedly learned that liver biopsies should be performed every five years, the Court rejects that argument, which leaves unanswered the underlying question of when Plaintiff should have known that he had serious liver disease warranting further treatment, as opposed to additional testing.

5

The next step in the analysis is to determine whether the timing of Plaintiff's exhaustion properly comported with his commencement of suit in this matter.  As indicated above, 42 U.S.C. § 1997e(a) provides that no action can be brought on behalf of a prisoner with respect to prison conditions until available administrative remedies have been exhausted.  This prerequisite has been interpreted as requiring exhaustion prior to the filing of suit.  <u>McKinney v. Carey</u>, 311 F.3d 1198,1200 (9th Cir. 2002).  Because Plaintiff's class action was filed on July 8, 2008, and since Plaintiffs' first level appeal was not resolved until October 13, 2008, Defendants claim that the instant case is premature and must be dismissed under Rule 12(b).

The Court concludes that Defendants' argument is misplaced given the particular circumstances of this case.  Plaintiff's initial complaint, filed before he exhausted his own administrative remedies, was a class action proceeding seeking injunctive and declaratory relief, only.  The entire character of the action changed when, on September 26, 2008, Plaintiff withdrew his request for class action injunctive relief and instead sought to amend his complaint to seek redress for the damages he personally sustained as a result of treatment delays. The Court, by Minute Order dated September 30, 2008, permitted Plaintiff to so amend, and the resulting amended complaint contained both new defendants and a new theory of relief (monetary damages) absent from the initially filed complaint. For all intents and purposes, the amended complaint was an entirely new proceeding.

///

1  Rather than require him to file a completely new case, however,
2  it was this Court's decision to permit Plaintiff to proceed on an
3  amended pleading.  Given the fact that Plaintiff's personal
4  administrative remedies were exhausted on or about August 13,
5  2008, almost two months before Plaintiff's amended pleading was
6  filed, it would elevate form over substance given the facts
7  present here to now dismiss Plaintiff's amended pleading as
8  premature.

**CONCLUSION**

12  For the foregoing reasons, Defendants' Motion to Dismiss
13  (Docket No. 39) is DENIED.  The parties shall file a Joint Status
14  Report not later than twenty (20) calendar days after this Order
15  is filed electronically.
16  IT IS SO ORDERED.

Dated: October 2, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE