IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN JACKSON

      Plaintiff,                    Civ. No. S-08-1954 KJM JFM

      vs.                              ORDER

ALVARO C. TRAQUINA, et al.,

      Defendants.

_____/

      On December 9, 2011, defendants filed a motion for summary judgment. On December 28, 2011, the court granted the parties' stipulation to extend time for hearing the motion for summary judgment and gave plaintiff two weeks from the date of that order to file his opposition or statement of non-opposition to the motion. Plaintiff has not responded to the court's order.

      On February 21, 2012, the court directed plaintiff's counsel to show cause why the action should not be dismissed for failure to prosecute and to respond to the court's order. Plaintiff has not responded to this order.

      "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a

court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered *Ferdik*'s five factors.  Here, as in *Ferdik*, the first two factors strongly support dismissal of this action.  The action has been pending for almost four years and has reached the stage, set by the court's November 19, 2009 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial.  ECF No. 60. Plaintiff's failure to comply with the Local Rules and the court's February 21, 2012, order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. *See Ferdik*, 963 F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors

1 outweigh the general public policy favoring disposition of cases on their merits.  *See Ferdik*, 963
2 F.2d at 1263.
3           For the foregoing reasons, IT IS HEREBY ORDERED that this action is
4 dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).
5 DATED:  March 12, 2012.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE